## IN RE: PROCEDURES REGULATING PROFESSIONAL CONDUCT of ATTORNEYS at LAW — SECTION 22 — RESTRICTIONS on FORMER ATTORNEYS REVISED

Supreme Court of Arkansas
Delivered December 20, 2001

Per Curiam. By Per Curiam issued July 9, 2001, the Court substantially amended and renumbered the sections of the Supreme Court Procedures Regulating Professional Conduct of Attorneys at Law, with the changes to be effective January 1, 2002. After further review, the Court has concluded that additional changes are needed in newly numbered Section 22, dealing with restrictions on former attorneys. These latest changes are incorporated into the revision of Section 22 set out below, which shall be effective January 1, 2002, in place of the Section 22 published July 9, 2001.

**Section 22. Restrictions on Former Attorneys.**

A. For the purposes of this Section, a "former attorney" is any attorney who is disbarred, has surrendered a law license, is on suspension, or is on inactive status.

B. (1) A former attorney providing services to an attorney or law firm under Subsection 22.C shall not occupy, share, or use office space in any location or building where the practice of law is conducted.

(2) A former attorney shall not engage in the practice of law, nor may a former attorney engage in any employment in or related to the practice of law, except as specifically permitted in this Section.

(3) For legal service provided to a client that was not completed prior to becoming a former attorney, a former attorney may receive compensation only on a quantum meruit basis.

(4) A former attorney shall promptly take such action as is necessary to cause the removal of any indicia of lawyer, counselor at law, attorney, legal assistant, law clerk, or similar title from any association with the name of the former attorney.

C. Consistent with the restrictions in Subsection 22.B, a former attorney may provide to attorneys and law firms, whether for

or without compensation, services involving legal research, and drafting of briefs and research memorandum, provided the former attorney:

(1) Shall have no contact with clients or prospective clients of any attorney or law firm in person, by telephone, in writing, e-mail, or by any other form of communication;

(2) Shall have no contact with client funds or property;

(3) Any former attorney providing permitted services may be compensated only for the reasonable value of the services provided and shall not be compensated on a contingency basis or share in any way in any fees for legal services provided by an attorney; and

(4) Such services are not provided to any attorney or law firm with whom the former attorney had any employment affiliation as an attorney at the time of the activities which resulted in the attorney becoming a former attorney or at the time of the final action which resulted in the attorney becoming a former attorney.

D. Any attorney or law firm utilizing the services of a former attorney as permitted in this Section shall be responsible for the actions and work product of the former attorney in the rendering of such services and to ensure that the restrictions on a former attorney set out herein are observed.

E. An attorney shall not aid a former attorney in the unautho-rized practice of law or in a violation of the restrictions set out herein on former attorneys. An attorney shall have an obligation, as under Model Rule 8.3, to report any violation of this Section by a former attorney.

F. The maximum punishment for an attorney, or any former attorney on suspension or on inactive status, violating this Section may be disbarment. A former attorney previously disbarred or who has surrendered a law license and who violates this Section may be deemed to be in contempt of the Supreme Court and may be punished accordingly.